UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ADENIKE AJAYI, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 23-4014 (JXN) (JBC) |
| | : | |
| v. | : | |
| | : | OPINION |
| | : | |
| CULA, LLC, | : | |
| | : | |
| Defendant. | : | |

**NEALS**, District Judge:

This matter comes before the Court on Defendant CULA, LLC's ("Defendant") motion to dismiss Plaintiff Adenike Ajayi's ("Plaintiff") amended complaint (the "Amended Complaint") (ECF No. 15) pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18). Plaintiff opposed (ECF No. 24), and Defendant replied. (ECF No. 25). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1453; and 1391, respectively. The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendant's motion to dismiss (ECF No. 18) is **GRANTED**. The Amended Complaint (ECF No. 15) is **DISMISSED** without prejudice. Plaintiff has 30 days from the date hereof to file an amended complaint that is consistent with this Opinion.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

On October 3, 2023, Plaintiff filed the Amended Complaint.[1] Plaintiff alleges that he

---

[1] The following factual allegations are taken from the Amended Complaint that are accepted as true. *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010).

entered a lease agreement (the "Lease") "for a new 2022 Toyota RAV4 hybrid." (Am. Compl. ¶ 9). To obtain financing, the Lease requires that Defendant "connects dealerships with credit unions who will provide vehicle financing[,]" who along with Visions Federal Credit Union ("Credit Union"), are "named assignees under the Lease." (*Id.* ¶ 11).

The Lease contains an option "to purchase the vehicle during or at the end of the lease term." (*Id.* ¶ 9). To purchase the vehicle during the Lease term, Plaintiff must pay the "the Lease Balance" and "a Purchase Options Fee of $450 and applicable official fees and taxes . . . ." (*Id.* ¶ 13; Ex. A (ECF No. 15-1) ¶ 15). To purchase the vehicle at the end of the Lease term, Plaintiff must pay "the Vehicle['s]" "Residual value" and a "Purchase Option Fee of $450 and applicable official fees and taxes . . . ." (*Id.* ¶ 13; Ex. A ¶ 15). Should the vehicle be declared a total loss, the Lease terminates. (Am. Compl. 29; Ex. A ¶ 16). Without citing any Lease terms, Plaintiff alleges that the Lease also provides that "*after* the Lease is 'terminated[,]'" he "retains the option to 'choose to purchase the vehicle.'" (Am. Compl. ¶ 32).

Geico, Plaintiff's insurer, "declared" Plaintiff's vehicle "to be a total loss covered under the insurance policy[.]" (*Id.* ¶ 16). Geico valued the vehicle "at the time of the loss as $57,128.63." (*Id.* ¶ 17). At the time, the remaining balance under the Lease was "$46,578.65[.]" (*Id.* ¶ 19). Plaintiff alleges that "[t]his meant that Plaintiff was entitled to exercise his contractual right to purchase the vehicle, pay the assignees $46,578.66 plus the purchase option fee and applicable fees and taxes, and avail himself of the remaining insurance settlement value." (*Id.* ¶ 19). In other words, $57,128.63 minus $46,578.65, for a total of $10,549.98.

Defendant informed Plaintiff, however, that it would "be handling Plaintiff's insurance settlement and obtaining any excess settlement value for itself." (*Id.* ¶ 20; Ex. B (ECF No. 15-2)). And that if Geico "pays more than the balance due[,]" the "excess funds belong to [Defendant] as

owner of the vehicle and additional insured/loss payee." (*Id.* ¶ 22; Ex. B) (emphasis removed). Credit Union was paid "the remaining balance due under the lease of $46,578.65" and Defendant "the remaining $10,549.98 of Plaintiff's settlement." (Am. Compl. ¶ 25). The Amended Complaint alleges three claims: (1) breach of contract; (2) unjust enrichment; and (3) the NJ Consumer Fraud Act (the "Consumer Fraud Act"), N.J.S.A. 56:8-2.

On October 17, 2023, Defendant filed the instant motion to dismiss. On December 1, 2023, Plaintiff opposed. On December 11, 2023, Defendant replied. This matter is ripe for consideration.

II.     **LEGAL STANDARD**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide the defendant with "fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations and ellipses omitted). On a Rule 12(b)(6) motion, the "facts alleged must be taken as true" and dismissal is not appropriate where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). A complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine whether a complaint is sufficient, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must "assume the[] veracity"

of well-pleaded factual allegations and ascertain whether they plausibly "give rise to an entitlement for relief." *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (citations omitted).

### III.     DISCUSSION

#### A.     Plaintiff Fails to Allege a Plausible Breach of Contract Claim (Count One)

Defendant argues that Plaintiff did not allege a breach of contract claim. (ECF No. 19 at 15-21)[2]. Plaintiff opposes. (ECF No. 24 at 11-23). The Court agrees with Defendant.

To state a claim, Plaintiff must allege: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own" duties. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citation omitted).

Here, Plaintiff alleges that he "entered in a motor vehicle lease agreement to which Defendant was an assignee." (Am. Compl. ¶ 61). "Plaintiff performed all requirements under the motor vehicle lease agreement." (*Id.* ¶ 62). "Plaintiff's insurer declared his vehicle a total loss." (*Id.* ¶ 63). "Plaintiff's motor vehicle lease agreement entitled him to exercise his option to purchase his vehicle, including after the lease agreement was terminated." (*Id.* ¶ 64). As to Defendant's breach of the Lease, Plaintiff alleges that "Defendant deprived [him] of [his] right" to exercise the option to purchase the vehicle. (*Id.* ¶ 65). Further that "Defendant's conduct breached its contract with Plaintiff" by "negotiating the payments of excess settlement funds to itself, Defendant violated the implied covenant of good faith and fair dealing that is contained in every contract." (*Id.* ¶¶ 66-67).

Plaintiff failed to allege a breach of contract claim for the following reasons. First, the Lease terminates if Plaintiff's vehicle is deemed a total loss. (Am. Compl. 29; Ex. A ¶ 16). Therefore, once Geico declared Plaintiff's vehicle to be a total loss (*see* Am. Compl. ¶ 63), Plaintiff

---

[2] The Court refers to the ECF page numbers.

no longer had the option to purchase the vehicle.

Second, Plaintiff alleges in conclusory fashion, and without citing to any provision in the Lease, that the Lease "specifically state[s] that *after* the Lease is terminated[,]" Plaintiff "retains the option to 'choose the purchase the vehicle.'" (*Id.* ¶ 32). The face of the Lease does not provide that Plaintiff retains the option to purchase the vehicle after termination.

Third, in arguing that Defendant should not have negotiated a settlement because the Lease terminated after the vehicle was deemed a total loss (ECF No. 24 at 18), Plaintiff concedes that his right under the Lease—the option to purchase the vehicle—was also no longer available to him.

Fourth, Plaintiff alleges by conclusory language that he "performed all requirements under the motor vehicle lease agreement," (*see* Am. Compl. ¶ 62) but does not allege what those requirements are and whether he fully complied. For example, Plaintiff does not allege that he performed his contractual duties, including tendering the Lease Balance or Residual Value, plus the Purchase Option Fee of $450 and applicable fees and taxes. (*Id.* ¶ 26; Ex. A ¶ 15).

Fifth, and finally, Plaintiff alleges that Defendant negotiated "the payments of excess settlement funds to itself" and in so doing, "violated the implied covenant of good faith and fair dealing."[3] (Am. Compl. ¶ 67). This is conclusory as the Amended Complaint alleges no facts that Defendant's communications with Geico and/or Credit Union regarding the settlement funds violated the Lease or that the Lease does not allow Credit Union to receive the $46,578.65 remaining Lease balance and Defendant the $10,549.98 excess settlement funds as assignees.

---

[3] While Defendant argues that Plaintiff's "claim of breach of the implied covenant of good faith and fair dealing" fails (*see* ECF No. 19 at 23-24), Plaintiff does not allege a separate breach of covenant claim. But to the extent that such a claim is alleged, it is dismissed because Plaintiff did not allege the elements of a claim. *See Bonnieview Homeowners Ass'n v. Woodmont Builders, LLC*, 655 F. Supp. 2d 473, 510 (D.N.J. 2009) ("[P]arty claiming a breach of the covenant must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties.") (citation and internal quotations omitted). "Proof of bad motive or intention is essential to a cause of action for breach of the covenant of good faith and fair dealing." *Id.* at 510 (citation and internal quotations omitted). Because Plaintiff requests leave to allege a separate breach of covenant claim (ECF No. 24 at 16), leave is granted.

5

Based on the facts as they are currently known, Plaintiff has not pled a breach of contract claim. Accordingly, the claim is dismissed without prejudice.

    **B.**    **Plaintiff Fails to Allege a Plausible Unjust Enrichment Claim (Count Two)**

Defendant asserts that Plaintiff does not allege that he conferred a benefit on Defendant. (ECF No. 19 at 29-31; ECF No. 25 at 14-15). In opposition, Plaintiff argues without authority that he directly benefitted Defendant because it is an assignee of the Lease. (ECF No. 24 at 24-25). In short, Plaintiff has not pled a claim.

To state a claim for unjust enrichment, a plaintiff must allege "both that defendant received a benefit and that retention of that benefit without payment would be unjust." *Stewart v. Beam Glob. Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 196 (D.N.J. 2012) (citations and internal quotations omitted). There must also "be a showing that the plaintiff expected remuneration from the defendant, or if the true facts were known to plaintiff, he would have expected remuneration from defendant, at the time the benefit was conferred." *Id.* at 196 (citations and internal quotations omitted). New Jersey law further "requires that a plaintiff have conferred a direct benefit on the defendant." *Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 459 (D.N.J. 2012) (citations omitted); *see also Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 240 (3d Cir. 2020) ("No unjust enrichment claim may proceed absent a showing of a benefit . . . .") (citations omitted).

Here, Plaintiff alleges that he "directly conferred upon [Defendant] an economic benefit[;]" specifically, the "windfall profits resulting from unlawful representation and coercion of" Plaintiff who "surrendered [his] equity in the insurance proceeds [he] had paid for to" Defendant. (Am. Compl. ¶ 73). Plaintiff further alleges that that economic benefit is "economically traceable to denying" Plaintiff's "right[] to buy out [his] lease vehicle[] after a total loss." (*Id.* ¶ 74). "The

economic benefit consists of receiving more than [Defendant] was otherwise entitled to under the lease agreements and the insurance policies through depriving lessees of their right to purchase and realizing the profit from their procurement of insurance." (*Id.* ¶ 75). Finally, that it "would be inequitable and unjust for [Defendant] to be permitted to retain any of the unlawful benefits resulting from their deceptive, fraudulent, illegal and inequitable conduct." (*Id.* ¶ 76).

Because Plaintiff's allegations that he conferred an economic benefit to Defendant in the form of "windfall profits[,]" and that that economic benefit is identified as "receiving more than [Defendant] was otherwise entitled[,]" are conclusory, Plaintiff has not alleged that he conferred a direct benefit on Defendant, and that Defendant received such a benefit. Moreover, Plaintiff's allegations that the purported benefits are "economically traceable" to Plaintiff and that Defendant obtained these benefits "from unlawful representation and coercion[,]" are similarly conclusory, and lack a factual basis. Thus, Count Two is dismissed without prejudice.

### C. Plaintiff Fails to Allege a Consumer Fraud Act Claim (Count Three)

The Court agrees that the Amended Complaint does not allege a Consumer Fraud Act claim. (ECF No. 19 at 33-38; ECF No. 25 at 16-17). The Consumer Fraud Act "targets unlawful sales and advertising practices designed to induce customers to purchase merchandise or real estate." *Sun Chem. Corp. v. Fike Corp.*, 981 F.3d 231, 236 (3d Cir. 2020) (citation and internal quotations omitted). To that end, the statute prohibits:

> The act, use or employment by any person of any commercial practice that is unconscionable or . . . misrepresentation, or the knowing concealment, . . . or omission of any material fact with intent that others rely upon . . . in connection with the sale or advertisement of any merchandise . . . whether or not any person has in fact been misled, deceived or damaged thereby . . . .

N.J.S.A. 56:8-2.

To state a claim, Plaintiff must allege: "(1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pacific, LLC*, 945 F. Supp. 2d 543, 558 (D.N.J. 2013) (citation omitted). Unlawful conduct means "affirmative acts and knowing omissions," as well as "violations of regulations promulgated under" the CFA. *Id.* at 558 (citations omitted).

Here, Plaintiff alleges that he, and not Defendant, "engaged in the sale of merchandise within the meaning of the CFA, including, but not limited to, motor vehicle lease agreements." (Am. Compl. ¶ 82). Next, that Defendant "has engaged in the use of unconscionable commercial practices, deception, false promises and/or misrepresentations" by: (1) "[m]isrepresenting, and depriving Plaintiff" of his "option to purchase" his vehicle; (2) "[m]isrepresenting to Plaintiff" that Defendant "was contractually entitled to excess insurance settlement proceeds beyond the balance owed under the lease agreements;" (3) "[m]isrepresenting to" Plaintiff's insurer, Geico, that Defendant "was contractually entitled to excess insurance settlement proceeds beyond the balance owed under the lease agreements;" and (4) "[p]rocuring and retaining the excess insurance settlement proceeds beyond the balance owed under" the Lease. (*Id.* ¶¶ 83-84). These "unconscionable commercial practice[s], act[s] of deception, and misrepresentation[s]" each "constitute[] a separate violation under the" Consumer Fraud Act. (*Id.* ¶ 85).

Plaintiff does not allege a claim because the Amended Complaint neither alleges an ascertainable loss nor a causal connection between Defendant's unlawful conduct and the ascertainable loss. For example, Plaintiff alleges only that he has "been harmed" (*see id.* ¶ 86) and does not allege causation. Next, the Amended Complaint alleges that "Plaintiff was engaged in the sale of merchandise[,]" i.e., the Lease. But Plaintiff did not sell the Lease and, even if he did, he cannot allege a claim against himself. *See Francis E. Parker Mem'l Home, Inc.*, 945 F. Supp.

8

2d at 552 (Consumer Fraud Act "is aimed basically at unlawful sales and advertising practices to induce customers to purchase merchandise or real estate.") (citation and internal quotations omitted). Together, these allegations are insufficient "to meet the particularity requirement of Fed. R. Civ. P. 9(b)[.]" *Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 301 (D.N.J. 2019) (citation and internal quotations omitted). As a result, the claim is dismissed. However, this does not end the inquiry.

Defendant argues that Plaintiff failed to allege "substantial aggravating circumstances" (ECF No. 19 at 38-40; ECF No. 25 at 17-18), which are required when a Consumer Fraud Act claim is based on a breach of contract. *See Coda*, 409 F. Supp. at 301-02 ("[I]f the claim is founded on written statements, then the court must make a legal decision [on] whether the practice is unlawful in light of the writings.") (citation and internal quotations omitted). Plaintiff counters that "Plaintiff's allegations include aggravating conduct well beyond a mere breach of contract for purposes of the CFA." (ECF No. 24 at 28). The Court disagrees. *See* (Am. Compl. ¶¶ 82-86) (Alleging Defendant violated the Consumer Fraud Act by restricting Plaintiff from exercising his option to purchase the vehicle and receiving the excess insurance settlement). And as discussed herein, Plaintiff has not pled a cognizable breach of contract claim to survive a motion to dismiss under the theory that Defendant breached the Lease. Considering the lack of substantial aggravating facts "demonstrating that the defendant's behavior stands outside the norm of reasonable business practice[s]" based the "on written statements" in the Lease (*Coda*, 409 F. Supp. 3d at 301-02), the claim merits dismissal. *See Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 515-17 (D.N.J. 2009).

Additionally, Plaintiff did not allege unlawful conduct or ascertainable loss. As to unlawful conduct, Plaintiff did not allege false "misrepresentation[s][,]" "knowing concealment[s]," or

"omission[s] of any material fact" in "connection with the sale" of the Lease (*see* N.J.S.A. 56:8-2) because the basis of Plaintiff's claim are provisions stated in the Lease. *See Coda*, 409 F. Supp. at 301 ("When a CFA claim is based on a valid contract, a court will dismiss the claim if the conduct alleged is expressly authorized by the terms of that contract.") (citation and internal quotations and brackets omitted). Here, Plaintiff alleges no facts beyond the Lease terms that are "more specific, more directly connected to Plaintiff's alleged losses, and substantially aggravating." *Lukacs v. Purvi Padia Design LLC*, No. 21-19599, 2022 WL 2116868, at *6 (D.N.J. June 13, 2022). (*See* Am. Compl. ¶ 84). Indeed, Plaintiff does not allege that Defendant misled him in communications related to the Lease.

The allegations regarding Ex. B, a November 28, 2022 email from Defendant to Plaintiff ("Defendant's Email") (*see id.* ¶¶ 20-24), which are not alleged in support of Count Three, do not support the claim. Defendant's Email informed Plaintiff that as a "lessor of the leased vehicle, [Defendant] handles the total loss claim." (Ex. B. at 1). And that if Geico pays more than the Lease balance, Defendant is entitled to these monies "as owner of the vehicle and additional insured/loss payee." (*Ibid.*). Plaintiff does not dispute that he did not own the vehicle during the relevant period. He also does not allege that as a lessee, the Lease's terms entitle Plaintiff to excess settlement monies.

As to the ascertainable loss prong, Plaintiff did not plead the element because under a "benefit of the bargain" theory, he must allege that he was "misled into buying a product that is ultimately worth less than the product was promised." *Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360, 375 (D.N.J. 2015) (citation omitted).[4] Such facts were not alleged because

---

[4] Ascertainable loss may also be alleged under an "out-of-pocket-loss theory" that "will suffice only if the product received was essentially worthless." *Mladvenov*, 124 F. Supp. 3d at 375 (citation omitted). The theory does not apply.

the basis of the claim is that Defendant prevented Plaintiff from the benefits of the Lease and not that Defendant misled Plaintiff into entering the Lease.

Finally, while Plaintiff contends that he has "thoroughly addressed [] that Defendant had no entitlement to the excess insurance funds, either by virtue of the express terms of the contract or its position as a loss payee" and that Defendant made certain "affirmative misrepresentations to Plaintiff" (*see* ECF No. 24 at 26), this is not in accord with the Lease's terms.  Thus, Plaintiff has not alleged supporting facts.

Despite numerous deficiencies, the Court will allow Plaintiff the opportunity to cure the same as he may be able to assert a viable Consumer Fraud Act claim.  *See Prudential Ins. Co. of Am. v. Bank of Am. Nat'l Ass'n*, 14 F. Supp. 3d 591, 596 (D.N.J. 2014) ("The Supreme Court has characterized dismissal with prejudice as a 'harsh remedy.' . . . Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.") (citations and internal quotations omitted); *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (Amendment "is futile if the amended complaint would fail to state a claim for relief under Rule 12(b)(6).").  Accordingly, the claim is dismissed without prejudice.

### IV.     CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (ECF No. 18) is **GRANTED**.  The Amended Complaint (ECF No. 15) is **DISMISSED** without prejudice.  Plaintiff has 30 days from the date hereof to file an amended complaint that is consistent with this Opinion.

DATED: 5/9/2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge